IN THE UNITED STATES DISTCIT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDDIE RODRIGUEZ,

    Plaintiff,

v.                                    Civil Action No.:   3:21cv241

CAMPOFRIO FOOD GROUP –
AMERICA, INC.,
a Virginia corporation,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EDDIE RODRIGUEZ ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CAMPOFRIO FOOD GROUP - AMERICA, INC., ("Defendant") and in support thereof states as follows:

## JURIDISCTION AND VENUE

1. This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Jurisdiction is conferred upon this Court by:

    a. 42 U.S.C. § 2000e-5;

    b. 28 U.S.C. § 1331; and

    c. 28 U.S.C. § 1343.

3. Venue is proper for the United States District Court for the Eastern District of Virginia because:

    a. Plaintiff's employment with Defendant took place in the Eastern District of Virginia;

  b. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Eastern District of Virginia; and

  c. Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Eastern District of Virginia, and because Defendant is subject to personal jurisdiction there due to employing Plaintiff in the Eastern District of Virginia.

## **CONDITIONS PRECEDENT**

4. Prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5. Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on or about August 23, 2018.

6. On January 15, 2021 Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

7. This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested his Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the Equal Opportunity Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **PARTIES**

9. Plaintiff is a citizen of the United States, who during all material times resided in the Eastern District of Virginia, and currently resides in the Eastern District of Virginia.

10. Plaintiff is black and of Puerto Rican descent.

11. According to Virginia's State Corporation Commission website, CAMPOFRIO FOOD GROUP - AMERICA, INC.'s principal office is located at 1800 Ruffin Mill Road, South Chesterfield, VA, 23834-5936. See https://cis.scc.virginia.gov/

12. Plaintiff worked for Defendant at its South Chesterfield, Virginia location located at 1800 Ruffin Mill Road, South Chesterfield, VA, 23834-5936.

13. Plaintiff worked for Defendant as a Setup Maintenance Worker.

14. Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

15. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

16. Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

17. At all times material to this action, Defendant engaged in unlawful racially/ethnically discriminatory practices against Plaintiff in violation of Title VII and the VHRA.

## STATEMENT OF CLAIMS

18. Plaintiff was hired by Defendant on or about July 9, 2018 as a Setup Maintenance Worker.

19. In or around December 2018, a Caucasian co-worker asked Plaintiff what were the "sand-niggers" doing, referring to the Hispanic co-workers, such as Plaintiff.

20. In or around January 2019, another Caucasian co-worker referred to Plaintiff as a "greasy Puerto Rican".

21. Plaintiff was also referred to as a "mutt".

22. Plaintiff's co-worker's made comments suggesting it should be legal to hunt Hispanic people.

23. As a result of the discriminatory comments referred to above, on February 3, 2019, Plaintiff made a complaint to Defendant's Human Resources. See attached "A"

24. Sadly, after levying a complaint of discrimination, Plaintiff was forced to work independently while the Caucasian employees continued to work in teams.

25. Specifically, Plaintiff was isolated from fellow co-workers rather than removing the offending employees.

26. On or about July 21, 2019, Plaintiff discovered a noose hanging in the shop/electrical room. See Exhibit "B"

27. There had never been any type of knots or nooses present in Plaintiff's work area prior to this incident.

28. On or around July 24, 2019, Plaintiff informed the First Shift and Second Shift Supervisor that he had discovered a noose hanging in the workplace.

29. In response, Plaintiff was directed to file another complaint with Defendant's Human Resources.

30. Shockingly, on or about August 9, 2019, Plaintiff was placed on suspension without pay.

31. The basis provided to Plaintiff for the suspension was so that Defendant's Human Resources could conduct an investigation.

32. Plaintiff was never invited to return to work and has taken it to mean he was terminated.

33. Plaintiff engaged in protected activity when he repeatedly complained of racially offensive conduct to Defendant's Human Resources and supervisors.

34. Defendant has engaged in unlawful employment practices in violation of Title VII by discriminating against Plaintiff when Defendant suspended and ultimately terminated his employment in retaliation for reporting discriminatory and racially offensive conduct.

35. Plaintiff's employment was terminated in retaliation for engaging in statutorily protected activity.

36. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

37. The unlawful employment practices complained of above were intentional.

38. The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

39. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

## COUNT I
## TERMINATION BASED ON RETALIATION FOR
## ENGAGING IN PROTECTED ACTIVITY (TITLE VII)

40. Plaintiff re-alleges and adopts paragraph 1 – 39 as though set forth fully herein.

41. Defendant unlawfully retaliated against Plaintiff because he opposed a practice made unlawful by Title VII when he reported discriminatory and racially offensive conduct to Defendant.

42. Plaintiff's opposition to the practice was a protected activity under Title VII.

43. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

44. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on his engaging in protected activity.

45. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

46. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, EDDIE RODRIGUEZ, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering in an amount exceeding $75,000;

    e. Injunctive relief;

    f. Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant</u>**

TRIAL BY JURY IS DEMANDED.

DATED:  April 12, 2021.

            EDDIE RODRIGUEZ

            By: /s/ Mark Dennis Dix

            Mark D. Dix [VSB #42718]
            COMMONWEALTH LAW GROUP, PLLC
            3311 West Broad Street
            Richmond, Virginia 23230
            Tel.: (804) 999-9999
            Fax: (866) 238-6415
            Email: mdix@hurtinva.com

            and

            Matthew R. Gunter [Florida Bar No. 0077459]
            MORGAN & MORGAN, PA
            20 North Orange Avenue, 14th Floor
            P.O. Box 4979
            Orlando, Florida 32802-4979
            Tel.: (407) 236-0946
            Fax: (407) 867-4791
            Email: MGunter@forthepeople.com
            (application for admission *pro hac vice* forthcoming)

            *Attorneys for Plaintiff*